UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2011 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 11 **CR 11 01202** |
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 1029(b)(2): Conspiracy to Commit Access Device Fraud; 18 U.S.C. § 1029(a)(1): Using Counterfeit Access Devices; 18 U.S.C. § 1029(a)(4): Possession of Device-making Equipment; 18 U.S.C. § 2(b): Causing an Act to Be Done; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 1029(c)(1)(C), 21 U.S.C. § 853(p): Criminal Forfeiture] |
| LEVON PETROSIAN, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1029(b)(2)]

A.   INTRODUCTORY ALLEGATIONS

1.   At all times relevant to this indictment:

a.   Defendant LEVON PETROSIAN ("defendant PETROSIAN") maintained a place of business in the city of Glendale, in Los

MET:met

1  Angeles County, within the Central District of California.

2         b.    Purchases with credit or debit card account

3  numbers (collectively, "credit card account numbers") issued by

4  Wells Fargo Bank, JPMorgan Chase Bank, Capital One, and Bank of

5  America were processed by these financial institutions outside

6  the state of California.

7  B.    THE OBJECT OF THE CONSPIRACY

8         2.    Beginning on a date unknown to the Grand Jury, and

9  continuing through at least on or about August 25, 2011, in Los

10  Angeles County, within the Central District of California, and

11  elsewhere, defendant PETROSIAN, together with others known and

12  unknown to the Grand Jury, knowingly combined, conspired, and

13  agreed to commit the following offense against the United States:

14  to knowingly and with intent to defraud produce, use, and traffic

15  in counterfeit access devices, in violation of Title 18, United

16  States Code, Section 1029(a)(1).

17  C.    THE MANNER AND MEANS OF THE CONSPIRACY

18         3.    The object of the conspiracy was carried out, and to be

19  carried out, in substance, as follows:

20         a.    Defendant PETROSIAN would obtain credit card

21  account numbers issued to third parties ("True Account Holders")

22  who had not given defendant PETROSIAN permission to possess or

23  use their accounts or account information.

24         b.    Defendant PETROSIAN would encode the True Account

25  Holders' credit card account numbers onto the magnetic strips of

26  plastic credit-card shaped cards, thus creating counterfeit and

27  unauthorized credit and debit cards (collectively, "counterfeit

28

2

1  cards").

2          c.    Defendant PETROSIAN would give the counterfeit

3  cards to persons known and unknown to the Grand Jury (the "co-

4  conspirators").

5          d.    The co-conspirators would use the counterfeit

6  cards defendant PETROSIAN supplied to make and attempt to make

7  purchases at retail stores and gas stations.

8  D.    OVERT ACTS

9          4.    In furtherance of the conspiracy, and to accomplish its

10  object, defendant PETROSIAN, together with others known and

11  unknown to the Grand Jury, committed and willfully caused others

12  to commit the following overt acts, among others, in the Central

13  District of California and elsewhere:

14          Overt Act No. 1:   On or about August 1, 2011, at

15  approximately 11:42 a.m., defendant PETROSIAN met with co-

16  conspirator A outside of defendant PETROSIAN's place of business.

17          Overt Act No. 2:   On or about August 1, 2011, at

18  approximately 11:53 a.m., co-conspirator A used a counterfeit

19  card encoded with a Wells Fargo Bank account number ending in

20  -4463 issued to E.S. to make a purchase at a Ralphs Grocery

21  Company ("Ralphs") store located in Glendale, California.

22          Overt Act No. 3:   On or about August 1, 2011, at

23  approximately 11:53 a.m., co-conspirator A used a counterfeit

24  card encoded with a Wells Fargo Bank account number ending in

25  -3023 issued to C.W. to make a purchase at a Ralphs store located

26  in Glendale, California.

27          Overt Act No. 4:   On or about August 1, 2011, at

28  approximately 12:04 p.m., defendant PETROSIAN met with co-

3

1  conspirator A outside of defendant PETROSIAN's place of business.

2         Overt Act No. 5:  On or about August 1, 2011, at

3  approximately 12:13 p.m., co-conspirator A used a counterfeit

4  card encoded with a JPMorgan Chase account number ending in

5  -5459 issued to J.C. to make a purchase at a Chevron gas station

6  located in Glendale, California.

7         Overt Act No. 6:  On or about August 1, 2011, at

8  approximately 12:43 p.m., co-conspirator A used a counterfeit

9  card encoded with a Capital One account number ending in -2504

10  issued to J.O. to make a purchase at a second Ralphs store

11  located in Glendale, California.

12         Overt Act No. 7:  On or about August 2, 2011, at

13  approximately 10:31 a.m., defendant PETROSIAN met with co-

14  conspirator B outside of defendant PETROSIAN's place of business.

15         Overt Act No. 8:  On or about August 2, 2011, at

16  approximately 10:36 a.m., co-conspirator B used a counterfeit

17  card encoded with a Bank of America account number ending in

18  -2443 issued to A.C. to attempt to make a purchase at a Mobil gas

19  station located in Glendale, California.

20         Overt Act No. 9:  On or about August 2, 2011, at

21  approximately 11:15 a.m., defendant PETROSIAN met with co-

22  conspirator B outside of defendant PETROSIAN's place of business

23  and handed co-conspirator B a white plastic card with a magnetic

24  strip.

25         Overt Act No. 10:  On or about August 12, 2011, at

26  approximately 10:50 a.m., defendant PETROSIAN met with co-

27  conspirator C outside of defendant PETROSIAN's place of business.

28

4

1    Overt Act No. 11:   On or about August 12, 2011, at

2  approximately 11:00 a.m., co-conspirator C used a white plastic

3  card with a magnetic strip at a Valero gas station.

4    Overt Act No. 12:   On or about August 12, 2011, at

5  approximately 11:20 a.m., co-conspirator C possessed a

6  counterfeit card encoded with a Citibank account number ending in

7  -0042 issued to D.C.

8    Overt Act No. 13:   On or about August 25, 2011,

9  defendant PETROSIAN possessed at his place of business

10 approximately 475 counterfeit cards, a credit and debit card

11 embosser machine, plastic card blanks, a credit and debit card

12 skimming device, a reader/writer encoder machine, small rolls of

13 silver foil, and a curling iron.

14    Overt Act No. 14:   On or about August 25, 2011,

15 defendant PETROSIAN possessed at his place of business

16 counterfeit cards encoded with the Wells Fargo account numbers

17 ending in -4463 and -3023.

18

19

20

21

22

23

24

25

26

27

28

1          COUNTS TWO THROUGH FIVE

2          [18 U.S.C. §§ 1029(a)(1), 2(b)]

3     5.   The Grand Jury hereby repeat, re-alleges, and

4  incorporates paragraphs one and three of this Indictment as

5  though fully set forth herein in their entirety.

6     6.   On or about the following dates, in Los Angeles County,

7  within the Central District of California, and elsewhere,

8  defendant LEVON PETROSIAN, together with others known and unknown

9  to the Grand Jury, in transactions affecting interstate commerce,

10 knowingly and with intent to defraud produced, used, and

11 trafficked in, and willfully caused the production and use of and

12 trafficking in the following counterfeit access devices, as

13 defined in 18 U.S.C. § 1029(e)(1) and (2):

| COUNT | DATE | COUNTERFEIT ACCESS DEVICE |
|-------|------|---------------------------|
| TWO | 8/1/2011 | Card encoded with Wells Fargo Bank account number ending in -4463 issued to E.S. |
| THREE | 8/1/2011 | Card encoded with a JPMorgan Chase account number ending in -5459 issued to J.C. |
| FOUR | 8/1/2011 | Card encoded with a Capital One account number ending in -2504 issued to J.O. |
| FIVE | 8/2/2011 | Card encoded with a Bank of America account number ending in -2443 issued to A.C. |

6

COUNT SIX

[18 U.S.C. § 1029(a)(4)]

7.    On or about August 25, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant LEVON PETROSIAN, knowingly and with intent to defraud, had control and custody of, and possessed, device-making equipment, as defined in Title 18, United States Code, Section 1029(e)(6), namely, a credit and debit card embosser machine, blank credit card stock, a credit and debit card skimming device, and a reader/writer encoder machine, with said control, custody, and possession having an effect on interstate and foreign commerce.

FORFEITURE

[18 U.S.C. §§ 981(a)(1)(C) and 1029(c)(1)(C),

28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p)]

8.    Pursuant to Title 28, United States Code, Section 2461(c), Title 18, United States Code, Sections 981(a)(1)(C) and 1029(c)(1)(C), and Title 21, United States Code, Section 853, defendant LEVON PETROSIAN ("PETROSIAN"), if convicted of any of Counts One through Six of this Indictment, shall forfeit to the United States the following property:

a.    All right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1029(b)(2), 1029(a)(1), and 1029(a)(4);

b.    A sum of money equal to the total amount of money obtained as a result of each such offense.

c.    Any personal property used or intended to be used to commit each such offense.

9.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant PETROSIAN, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph, if, by any act or omission of defendant PETROSIAN, the property described therein, or any portion thereof, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or //

8

1  (e) has been commingled with other property that cannot be

2  divided without difficulty.

3                                               A TRUE BILL

4                                               /S/

5                                               _____
                                                Foreperson

6  ANDRÉ BIROTTE JR.
   United States Attorney

7

8

   ROBERT E. DUGDALE
9  Assistant United States Attorney
   Chief, Criminal Division

10

11 BEONG-SOO KIM
   Assistant United States Attorney
   Chief, Major Frauds Section

12

13 STEPHEN CAZARES
   Assistant United States Attorney
   Deputy Chief, Major Frauds Section

14

15 JILL FEENEY
   Assistant United States Attorney
   Deputy Chief, Major Frauds Section

16

17 MONICA E. TAIT
   Assistant United States Attorney
   Major Frauds Section

18

19

20

21

22

23

24

25

26

27

28

                                9